UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ANTHONY BREADFORT
  Plaintiff

v.                             No. 5:10CV-00042-J

MICHAEL ASTRUE
  Commissioner of Social Security
  Defendant

# MAGISTRATE JUDGE'S REPORT
# and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by P. Heith Reynolds. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on June 27, 2008, by administrative law judge (ALJ) Gary Flenner. In support of his decision denying Title II benefits, Judge Flenner entered the following numbered findings:

  1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

  2. The claimant has not engaged in substantial gainful activity since April 15, 2006, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

  3. The claimant has the following severe impairments: residuals associated with a remote right-elbow (dominant) and left hip fracture (20 CFR 404.1520(c)). The claimant's medically determinable mental impairment(s) is non-severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work activity. The claimant can lift and carry a maximum of 20 pounds occasionally and 10 pounds frequently. The claimant is limited to only occasional reaching (including overhead) with the dominant right upper extremity. He cannot perform any prolonged standing/walking greater than four hours (total) out of an eight-hour workday or for more than one hour at a time. He can sit about six hours per day. He can no more than occasionally bend, stoop, crouch and crawl. The claimant should avoid concentrated exposure to vibration. Otherwise, he can perform the demands of light work activity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 7, 1971, and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not at issue because the claimant's past work was unskilled (20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2006, through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 15-20).

**Governing Legal Standards**

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal

standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

3

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether

the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Medical opinions pertaining to RFC**

On November 25, 2006, the plaintiff was examined at the request of the Commissioner by Jeremy Statton, M.D. Dr. Statton's narrative report is at AR, pp. 350-352.

On December 7, 2006, the plaintiff was examined at the request of the Commissioner by Owen T. Nichols, Psy.D. Dr. Nichols' narrative report is at AR, pp. 355-359.

On May 16, 2007, in light of Dr. Nichols' findings and the record as a whole, the state agency psychologist, Jan Jacobson, Ph.D., determined that the plaintiff's affective disorder, anxiety-related disorder, and somatoform disorder do not rise to the level of a "severe" mental impairment (AR, p. 391).

On May 16, 2007, in light of Dr. Statton's findings and the record as a whole, the non-examining state agency program physician, P. Saranga, M.D., completed the standard physical residual functional capacity (RFC) assessment form (AR, pp. 405-412).

**VE testimony**

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony, at the administrative hearing, of a vocational expert (VE). The VE was asked to consider an individual with the following limitations: 1) the restrictions found by Dr. Saranga, 2) standing/walking no more than an hour at a time and four hours total per workday, and 3) "limited" overheard reaching. The VE testified that such an individual would retain the ability

to perform a significant number of jobs in the national economy, including "light" cashier and "sedentary" order clerk (AR, pp. 44-46). The VE further testified as follows:

1. Security screener / watchman positions, such as those found in the entrance to courthouses and other government buildings, also are compatible with the hypothetical (AR, pp. 47-48).

2. A significant number of jobs remain even if the individual is restricted to "low level detailed work [that] a person [with a high school education] ought to be able to learn ... on the job within 30 to 90 days" (AR, pp. 48-49).

3. A significant number of jobs remain even if the individual is restricted to "unskilled" work, for example, surveillance system monitor at Wal-Mart (AR, pp. 53-54).

**Judicial review**

This case was denied at the fifth step of the sequential evaluation process based upon VE testimony. Therefore, unless the plaintiff points the court to evidence in the administrative record, which the ALJ was required to accept, of a specific physical or mental limitation in excess of those summarized above, the court should affirm the ALJ's ultimate finding of lack of disability upon the strength of the vocational testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has failed to identify any such evidence. Therefore, we shall recommend an affirmance of the Commissioner's final decision. The plaintiff's specific contentions shall be considered in turn.

First, the plaintiff argues that "the ALJ erred in failing to consider plaintiff's Veterans Affairs disability rating" (Docket Entry No. 10, p. 6). The plaintiff has a service-connected disability of seventy percent due to "limited flexion of forearm, loss of motion of index finger, and impairment of femur" (AR, p. 449). 20 C.F.R. § 404.1504 provides as follows:

6

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

While the ALJ did not specifically mention the plaintiff's VA disability rating in his decision, the ALJ did discuss the plaintiff's VA treatment records (AR, pp. 16-18). Furthermore, the controlling vocational hypothetical(s) specifically contemplated a limited ability to push/pull with the upper extremities, including diminished range of motion of the right elbow to 75 degrees flexion, 130 extension; limited reaching in all directions, including overhead; and only occasional use of the right arm (AR, pp. 406-408). The magistrate judge concludes that the plaintiff has failed to show that the foregoing restrictions did not adequately accommodate the "limited flexion of forearm, loss of motion of index finger" found by the VA. Furthermore, the hypothetical(s) contemplated standing/walking no more than an hour at a time and four hours total per workday, which appears to accommodate the femur impairment found by the VA. At the hearing, the ALJ clearly expressed his awareness of the VA rating (AR, pp. 28-29). The magistrate judge concludes that the ALJ did not commit a reversible error in failing to specifically discuss the VA's disability rating in his written decision.

Next, the plaintiff argues that "the ALJ erred in failing to find plaintiff suffers from severe mental impairments" (Docket Entry No. 10, p. 8). As noted above, Dr. Jacobson opined that the plaintiff's affective disorder, anxiety-related disorder, and somatoform disorder do not rise to the level of a "severe," or vocationally significant, mental impairment (AR, p. 391). Although the ALJ accepted this opinion, the VE was able to identify jobs the plaintiff could perform even if he were restricted to "low level detailed" and "unskilled" work (AR, pp. 48-54). Therefore, from a

7

"harmless error" perspective, the dispositive issue is whether the plaintiff has identified evidence of a severe mental impairment that would preclude even unskilled work. The plaintiff has identified no such evidence. Therefore, there was no reversible error. At the hearing, the plaintiff attempted to argue that the side-effects of his Lortab render him unable to concentrate and focus and thus constitutes a severe mental restriction. However, the the VE testified that an individual taking Lortab in the manner prescribed on the plaintiff's pill bottle (i.e., "by mouth every <u>evening</u> *(emphasis added)* as needed for pain") would be able to concentrate during the work<u>day</u> (AR, pp. 51-53).

## Motion to remand

Finally, the plaintiff argues that "alternatively, this court should remand this case to the Commissioner to consider new evidence which arose since the ALJ denied this claim" (Docket Entry No. 10, p. 12). The new evidence consists of the following:

1. The VA treatment records from October 8, 2008, through June 19, 2009, show that he was suffering from insomnia (AR, pp. 467-570).

2. On January 6, 2009, on a scale of 1 to 6, the plaintiff scored a 5 for depression (AR, p. 559).

3. On February 10, 2009, Robert Shriro, M.D., assessed: 1) bipolar disorder, depressed, 2) generalized anxiety disorder, and 3) attention deficit hyperactivity disorder (AR, p. 553).

Pursuant to "sentence six" of 42 U.S.C. § 405(g) the party seeking a remand bears the burden of proving that it is proper. *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). First, a movant must demonstrate materiality of the evidence. Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the

disability claim if presented with the new evidence." Cumulative evidence is not material. *Young v. Secretary*, 925 F.2d 146 (6th Cir., 1990). In addition, the party seeking remand must show good cause for late submission of the evidence. The Sixth Circuit takes a "hard line" on the issue of good cause. *Oliver v. Secretary*, 804 F.2d 964, 966 (6th Cir., 1986). Typically, the evidence in question or equivalent evidence could have been obtained sooner through a timely request or inquiry. Accordingly, good cause means more than simply that the evidence in question did not previously exist. In addition, good cause contemplates more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability. *Thomas v. Secretary*, 928 F.2d 255, 260 (8th Cir., 1991). Good cause is demonstrated by a showing that something extrinsic to the claimant's prosecution of his claim and beyond his control prevented timely production of evidence.

The mere diagnosis of an impairment "of course, says nothing about the severity of the condition." *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir., 1988). The magistrate judge concludes that the "new" evidence consists of raw medical observations and diagnoses, with no attempt by the medical source to assign specific restrictions based thereupon. It is the latter which is relevant to the disability decision. Therefore, the plaintiff has failed to demonstrate materiality. Furthermore:

1. The evidence pertaining to the plaintiff's insomnia appears to be cumulative, hence, immaterial because this matter was addressed by Dr. Nichols and at the administrative hearing (AR, pp. 36 and 357).

2. The plaintiff's depression appears to be situational as opposed to clinical because it was observed at the hearing that "[t]he thing that makes him depressed is the fact that he feels he can't work adequately" (AR, p. 48).

9

3. To the extent the ADHD, bipolar, and other diagnoses were based upon the plaintiff's school records and lifelong behavior patterns, there is no reason apparent why the plaintiff could not have brought these matters to the attention of a medical source in a timely manner for purposes of establishing his disability claim. The plaintiff has failed to show "good cause."

4. To the extent the diagnoses were based upon occurrences <u>after</u> the ALJ´s decision, they do not appear to be material to the ALJ´s decision of lack of disability on or before the date of the final decision.

For the foregoing reasons, the plaintiff has failed to establish entitlement to a "sentence six" remand.

### RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).